OPINION
Kevin Strodes appeals from a judgment entered upon a jury verdict in the Clark County Court of Common Pleas, which found him guilty of abduction.
On February 12, 2001, Strodes was indicted on one count of aggravated burglary and one count of abduction related to an incident involving Meredith Riley. The details of this incident will be discussed in greater detail under the second assignment of error. Strodes pled not guilty and filed a motion to suppress some of the state's evidence. The trial court conducted a hearing on the motion on March 7, 2001, after which it overruled the motion to suppress. A jury trial was conducted on March 8, 2001. The jury found Strodes guilty of abduction and not guilty of aggravated burglary. The trial court sentenced Strodes to four years in prison. He appeals from his conviction, raising two assignments of error.
As a preliminary matter, the state points out that Strodes' notice of appeal was filed under the wrong case number and that he has not moved to amend the notice of appeal. This error apparently arose from the fact that Strodes had two cases pending in the trial court in early 2001. In Case No. 00-CR-643, Strodes was indicted for receiving stolen property and having a weapon while under disability. On March 16, 2001, Strodes pled guilty to receiving stolen property in exchange for the dismissal of the weapons under disability charge, and he was sentenced accordingly. In Case No. 01-CR-92, Strodes was indicted for aggravated burglary and abduction. This case was tried to a jury on March 8, 2001, and Strodes was found guilty of abduction but was acquitted of aggravated burglary, as discussed supra. Strodes' attorney filed a notice of appeal in Case No. 00-CR-643 on April 6, 2001, but the issues raised therein relate to Case No. 01-CR-92. Because the notice of appeal was filed within thirty days of Strodes' conviction in Case No. 01-CR-92 and because it is clear that the issues raised therein relate to that case, we will amend the notice of appeal sua sponte pursuant to App.R. 3(F) to reflect that it relates to Case No. 01-CR-92.
We now consider Strodes' two assignments of error.
"I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT SUPPRESS THE RECORDED VOICE MAIL MESSAGES OF THE DEFENDANT."
Strodes claims that he was prejudiced by the use of his voice mail messages at trial because his use of "African American `street language' is highly confusing for those who do not understand it" and because someone who is not familiar with that type of language could interpret the messages differently than he had intended. The state responds that Strodes has waived this argument because it was not raised in the trial court. We agree. In the trial court, Strodes argued that the messages were irrelevant and that they were inadmissible hearsay. He does not contest the trial court's rulings on either of these issues on appeal, and we will not consider an additional argument raised for the first time on appeal. Moreover, the actual meaning of the words used by Strodes in the messages was for the jury to determine, and Strodes was allowed to present evidence about their meaning in his defense.
The first assignment of error is overruled.
"II. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Although this assignment is framed in terms of the weight of the evidence, Strodes also seems to challenge the sufficiency of the evidence in support of his conviction. We note that the legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different. State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, paragraph two of the syllabus. Thus, we will briefly address each argument.
When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Thompkins, 78 Ohio St.3d at 387, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v.Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
Riley testified that she had had a lengthy relationship with Strodes and had lived with him for several years. The relationship had ended in 1999, and Riley had lived with her mother for a period of time. In July 2000, Riley moved into her own home. She testified that she had begun receiving mean and threatening messages from Strodes on her voice mail almost as soon as she had moved into her new home. She also stated that Strodes had never been in her new house and did not have permission to be there.
On July 22, 2000, Riley attended a wedding and then went to a few bars with some friends. She admitted that she had had a lot to drink that night. A friend dropped Riley off at home around 2:30 a.m. on July 23. Riley entered her home and, before she could turn on any lights, Strodes hit her in the face. Strodes hit her, banged her head against the floor, pulled her hair, called her derogatory names, and threatened her for fifteen to twenty minutes inside the house. He then dragged Riley to his car by the upper arms. Riley testified that she had tried to resist and to defend herself but that she had been somewhat impaired in doing so because of her intoxication. Strodes then drove around Springfield with Riley locked in the car until approximately 5:00 a.m., hitting her, spitting on her, and pulling her hair. Strodes finally took Riley to a hospital when she convinced him that her wrist was broken and offered to tell hospital staff that she had been injured in a fall. When she was alone with hospital personnel, Riley told them that Strodes had beaten her, and the police were called to the hospital.
In addition to Riley's testimony, the state introduced numerous voice mail messages that Strodes had left on Riley's phone in the days shortly before and shortly after the attack and pictures of Riley's injuries. Also, Riley and one of her friends denied having been at a bar called Knights of Pythian and denied that Riley had been in a fight on the night in question.
Strodes' version of the events was significantly different. He claimed that Riley had gotten into a fight at Knights of Pythian and had called him later to take her to the hospital. He claimed that Riley had concocted her story of the beating because she had been angry at him for not intervening in the fight at the bar.
The jury did not clearly lose its way in evaluating the credibility of these witnesses and did not create a manifest miscarriage of justice. The state's evidence amply supported the jury's verdict.
Strodes also claims that his conviction was not supported by sufficient evidence. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486. In considering the sufficiency of the evidence, the pivotal question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
One commits abduction if he knowingly, by force or threat and without privilege to do so, removes another from the place where the other person is found. R.C. 2905.02. A rational trier of fact could have found the essential elements of abduction beyond a reasonable doubt based on Meredith Riley's testimony. Thus, Strodes' argument related to the sufficiency of the evidence is without merit.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.